UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: JOHN H. HUNTER**, | ) | Bankruptcy No. 07-19360 |
| Debtor, | ) ) ) ) | Chapter 7 |
| | | Judge Cox |

## NOTICE OF MOTION

To:   See Attached Service List

Please Take Notice that on **September 23, 2009 at 9:30 a.m.** or as soon thereafter as I may be heard, I shall appear before Judge Jacqueline Cox, or any other judge sitting in her stead, in Courtroom 619 of the Dirksen Federal Building located at 219 S. Dearborn Street, Chicago, Illinois to present the attached **Motion to Approve of Compromise or Settlement of Claim Pursuant to Bankr. Rule 9019**.  You may appear and be heard if you wish.

_____
Lloyd Brooks

Lloyd J. Brooks State Bar No. 6271994
THE BROOKS LAW FIRM
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 849-8000 Telephone
(708) 849-8080 Facsimile
E-mail: lIoyd.brooks@thebrooksfirm.com
*Attorneys for David Herzog*

## Certificate of Service

I, Lloyd Brooks, an attorney certify that on September 2, 2009 I served the parties listed below with a copy of this document via electronic service using the Court's EM/ECF filing system directing service by e-mail or by placing a copy of the same in a properly addressed postage pre-paid envelope and delivering to a U.S. Mailbox located in Dolton, Illinois.

_____
Lloyd Brooks

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **IN RE: JOHN H. HUNTER**, | ) | Bankruptcy No. 07-19360 |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | Judge Jacqueline Cox |

## MOTION TO COMPROMISE CLAIM PURSUANT TO BANKR. RULE 9019

Now Comes DAVID HERZOG, as trustee, by and through his attorney, Lloyd Brooks, to move this Court to approve the settlement of a claim brought by the Trustee on behalf of the bankruptcy estate and against certain mortgage companies. In support of this motion the Trustee states as follows:

### Summary of Motion

1. The Trustee retained special counsel and prosecuted an adversary action against three mortgage lenders who failed to honor a request by the Debtor to cancel a loan made to him pre-petition. The Trustee sought the return of $26,623.40 in pre-petition mortgage payments made by the Debtor, the award of statutory damages along with the reimbursement of his attorney's fees and costs. Recently the Trustee reached an agreement to resolve the Estate's claims against these lenders for $29,000. The Trustee and his special counsel believe the settlement is fair and reasonable and seek this Court's approval.

### Argument

2. On April 22, 2008 the Trustee was authorized to employ Lloyd Brooks as special counsel for the purpose of prosecuting certain claims against mortgage lenders on behalf of the Estate. The terms of the retention of Lloyd Brooks are that he is allowed 1/3 of the recovery made by the Estate plus reimbursement of any costs and expenses incurred in prosecuting the adversary claims.

3. On May 21, 2008 the Trustee filed an adversary action against Bank of New York ("BONY"), Countrywide Home Loans, Inc. ("Countrywide"), and Household Finance Corporation III ("Household") styled as <u>Herzog v. Countrywide Home Loans, Inc., et al.</u>, 08 ap 300.

4. The adversary alleges Countrywide made two simultaneous loans to the Debtor on September 29, 2004, but failed to provide the Debtor with proper notice of his right to cancel the loans and that subsequently, the two loans were assigned to BONY and Household.

5. Prior to the Debtor seeking relief of this Court he elected to rescind the loans based upon his claim that he was not provided proper notice of his right to cancel. None of the lenders agreed to honor the Debtor's request to rescind the loans.

6. Subsequently, the Debtor filed for relief in this Court and the right to rescission claim passed to the Estate at the time the petition was filed.

7. At the time the adversary was filed, the Trustee alleged that $26,623.40 was owed to the Estate for the overpayments made by the Debtor. In addition, the Trustee sought the payment of $8,000 in statutory damages from the defendants for failing to honor the Debtor's request for cancellation along with an award of his attorney's fees and costs for bringing the adversary.

8. The evidence that a violation occurred rested primarily upon the testimony of the Debtor that he did not receive the appropriate disclosures. On the other hand, it is expected that should this matter go to trial that the defendants would offer written evidence executed by the Debtor, acknowledging that he in fact did receive the appropriate disclosures.

9. Each of the defendants denied that any violation of TILA occurred and each defended the action vigorously. Nonetheless, the parties entered into settlement discussions to avoid the continued costs of litigation and the risks involved.

10. Recently, the parties reached an agreement, wherein the defendants would pay a total of $29,000 to the Estate in exchange for a dismissal of adversary complaint.

11. After deducting the requested amount of attorney's fees and costs, sought in a separate motion, the Estate would benefit approximately $19,333.33 from the proposed settlement, which is more than 70% of the amount originally sought by the Trustee.

12. After considering the costs of litigation and the risk that are inherent in taking these matters to trial the recovery obtained on behalf of the estate is a substantial one.

WHEREFORE Plaintiff David Herzog respectfully requests this Court approve the settlement and authorize the Trustee to execute any required documentation to memorialize the settlement.

Respectfully Submitted,

_____
Lloyd Brooks

Lloyd J. Brooks State Bar No. 6271994
THE BROOKS LAW FIRM
15008 Woodlawn Avenue
Dolton, Illinois 60419
(708) 849-8000 Telephone
(708) 849-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
*Attorneys for David Herzog*